Contracts; change orders; delays; substantial evidence.— Plaintiff entered into a tripartite agreement for construction of five single-screw cargo vessels and delivery to United States Lines Company (USL) on or before certain specified dates, the contract obligating USL to pay 51.4% and the United States (acting through the Maritime Subsidy Board) to pay, as a construction-differential subsidy, 48.6% of the construction costs. During construction of the first vessel Change Order 23 was issued providing for automation of the engine room in each ship, resulting in reduction of crew size needed for the vessels’ operation, and Change Order 48 thereafter was issued changing the plans for the crew quarters. The vessels were constructed and delivered on dates which were beyond the respective delivery dates specified in the contract. Plaintiff appealed administratively for additional compensation because of the extra work occasioned by said change orders, and as a result of the Secretary of Commerce’s review of the various appeal proceedings plaintiff was awarded additional compensation. Plaintiff in the present action sought judgment against the United States on the basis of an alleged breach of the contract by the Board (Count I), and review under Wunderlich Act standards of the Secretary’s order (Count II) and an increase in the award. Count I was dismissed pursuant to the court’s order dated May 31, 1974, 204 Ct. Cl. 917. On May 28, 1976 the court entered the following order:
Before Davis, Judge, Presiding, Laeamore, Senior Judge, and Kasi-iiwa, Judge. i
“This case comes before the court on the three parties’ (plaintiffs, defendant, third-party United States Lines) requests for review of the recommended decision of Trial Judge Mastín G. White, filed October 14, 1975 [reported in full at 21 CCF para. 84310], with respect to the parties’ *681 cross-motions for summary judgment on Count II of the petition which is governed by the Wunderlich Act. Oral argument has been had and the briefs have been considered.
“The court agrees with the Trial Judge’s opinion (copies of which have been furnished to the parties) and adopts that opinion as the basis for its judgment, except for the so-called “Hire-Fire Costs” issue.
“On that question the court does not agree with and does not accept the Trial Judge’s opinion and conclusion, but determines instead that the final refusal of the Department of Commerce to grant ‘hire-fire costs’ was not arbitrary, capricious, or unsupported by substantial evidence. The Trial Judge relied mainly on the testimony of Sun’s high officials to the effect that Sun had contemplated using the laid-off outfitting men on the first United States Lines vessel, that it was the delay in the launching of the first ship to be constructed under this contract which made it necessary for Sun to lay off these outfitting personnel in late December of 1963 and January and February of 1964, 'and that such delay was due to the disruption caused by the issuance of Change Orders 23 and 48. We conclude, on the other hand, that the Board and the Secretary of Commerce could permissibly find this con-clusory and summary testimony outweighed by (1) the inability of Sun’s Manager of Industrial Delations, who was supposed to support with detail the conclusions of the high officials, to tie the lay-offs specifically to Changes 23 and 48 ; (2) the fact that under its own original schedule Sun had anticipated a long delay (so long as to make it unlikely that it would have retained the workers in question) between the launching of the next previous vessel (the Atlantic Heritage) and the first of the five ships involved in the present contract; and (3) other simultaneous delay factors (including the interchange of the first two hulls), not attributable to Changes 23 and 48, for which Sun was itself responsible, and which would have made it improbable that the first United States Lines vessel would have been ready in time to receive the laid-off outfitting personnel from the Atlantic Heritage.
“This disposition makes it unnecessary under the court’s en banc order of May 31,1974 [204 Ct. Cl. 915], to consider *682 the arguments made by the United States Lines and the amicus as to the bearing on this case of United States v. Rice, 317 U.S. 61 (1942), and United States v. Blair, 321 U.S. 730 (1944), and the problem of so-called ‘delay damages.’ Since we affirm the administrative award without adding to it, there are no possible offsets available in this court to the United States Lines; therefore we need not reach (and we take no position on) those issues.
“it is therefore ordered AND conoluded that the determination of the Secretary of Commerce, insofar as properly challenged by the parties, was neither arbitrary, capricious, unsupported by substantial evidence, nor legally erroneous^ and accordingly that the summary judgment motions of the defendant and the third party are granted, the plaintiff’s motion is denied, and Count II of the petition is dismissed.”
Plaintiff’s petition for certiorari was denied November 29, 1976.